IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| NICHOLAS XANTHOPOULOS,<br><br>and<br><br>T. KEITH FOGG<br><br>     Plaintiffs,<br><br>v.<br><br>INTERNAL REVENUE SERVICE,<br><br>     Defendant. | |

## COMPLAINT

  Plaintiffs Attorney Nicholas Xanthopoulos ("Attorney Xanthopoulos") and Harvard Law Professor T. Keith Fogg ("Professor Fogg") (collectively, "Plaintiffs") complain the Defendant Internal Revenue Service ("IRS") violated the Freedom of Information Act ("FOIA") by improperly withholding requested agency records as follows:

  1.  This case arises out of Plaintiffs' jointly filed FOIA request for, *inter alia*, redacted portions of § 21.1.3.3 of the IRS Internal Revenue Manual ("IRM"), which explains the policies, procedures and guidelines for authenticating the identity of third-party representatives.

  2.  The redacted portions of IRM § 21.1.3.3 and other related records sought by Plaintiffs' request are of significant public importance to tax practitioners and taxpayers alike.

1

3. Effective since January 2018, the updates to IRM § 21.1.3.3 require IRS agents to request personal information such as social security numbers, dates of birth, and filing status to verify the identity of third-party representatives who contact the IRS on behalf of taxpayers.

4. The redacted portions of IRM § 21.1.3.3 apparently detail *how* the IRS instructs its employees to implement these new requirements, including the protection, storage and dissemination of personal information taken from third-party representatives, such as social security numbers.

5. The IRM sets forth only general guidelines and procedures that instruct IRS employees on the proper methods for addressing a variety of situations.

6. That the IRM may contain investigative techniques and procedures fails to place the IRM within the scope of Exemption (b)(7)(E).

7. Accordingly, the IRS improperly withheld the requested information under FOIA Exemption (b)(7)(E).

8. Contrary to the IRS position, the disclosure and dissemination of the policies, procedures and guidelines requested by Plaintiffs neither "risk circumvention of the law" nor "disclose techniques and procedures for law enforcement investigations or prosecutions."

9. The IRS withheld information to which the Plaintiffs are entitled through its erroneous reliance on FOIA Exemption (b)(7)(E).

## PARTIES

10. Plaintiff Attorney Xanthopoulos is a Minnesota resident and therefore resides within the geographical boundaries of the U.S. District Court for the District of Minnesota.

11. Attorney Xanthopoulos is an experienced tax attorney, who routinely contacts the IRS as a third-party representative on behalf of clients.

12. Attorney Xanthopoulos has published articles concerning the practice of federal tax law and contributed to various blogs for tax practitioners.

13. Joint FOIA requester Plaintiff Professor Fogg is a Clinical Law Professor at Harvard Law School where he founded the Federal Tax Clinic in 2015.

14. Professor Fogg began his academic career after serving more than thirty (30) years at the IRS Office of Chief Counsel.

15. Professor Fogg has published extensively on tax procedure, including more than forty articles on the topic; edited multiple editions of the ABA Tax Section publication, "Effectively Representing Your Client Before the IRS"; and co-founded the legal blog and news source *Procedurally Taxing*, which reports developments in federal tax controversy practice.

16. Defendant IRS is an executive agency of the U.S. Government under FOIA. 5 U.S.C. §§ 551(1) & 552(f)(1).

## JURISDICTION AND VENUE

17. Under FOIA, Congress granted this Court federal subject-matter jurisdiction. 5 U.S.C. § 552(a)(4)(B); 28 U.S.C. § 1331.

18. This Complaint arises under the laws of the United States, as it seeks to compel the IRS to produce an improperly withheld federal "agency record" under FOIA.

19. Congress authorized FOIA requesters to sue executive agencies of the U.S. government to compel them to produce improperly withheld "agency records." 5 U.S.C. § 552(a)(4)(B).

20. Attorney Xanthopoulos resides in the District of Minnesota . 5 U.S.C. § 552(a)(4)(B). The IRS also mailed its denial of Plaintiffs' joint request to Attorney Xanthopoulos in the District of Minnesota. 28 U.S.C. § 1391(b).

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

21. On June 19, 2019, Plaintiffs filed a joint FOIA request with the IRS. Ex. A.

22. On July 23, 2019, IRS acknowledged Plaintiffs' joint FOIA request F19176-0082. Ex. B.

23. On August 29, 2019, IRS partially denied FOIA request F19176-0082. Ex. C.

24. On October 1, 2019, Plaintiffs jointly appealed administratively the partial denial of their FOIA request F19176-0082. Ex. D.

25. That administrative appeal was timely.

26. On October 25, 2019, the IRS denied Plaintiffs' joint administrative appeal. Ex. E.

## FACTS

### *IRS IRM § 21.1.3.3 -- Third Party (POA/TIA/F706) Authentication*

27. The IRM delineates the internal operating procedures of the IRS, including procedures governing interactions between IRS officials, taxpayers, and taxpayers' representatives.

28. IRM § 21.1.3.3 sets forth the agency's policies and procedures for authenticating any "third party (anyone other than the taxpayer) who indicates he/she has a third-party authorization on file[.]"

29. On January 3, 2018, updates to IRM § 21.1.3.3 became effective.

30. "[B]efore providing any tax account information" to individuals claiming to have taxpayer authorization, IRS officials must "complete the appropriate research" by, *inter alia*, reviewing the Centralized Authorization File ("CAF"). *See* Form 2848, *Power of Attorney and Declaration of Representative*; Form 8821, *Tax Information Authorization*.

31. Paragraph (2) of IRM § 21.1.3.3 specifies the identifying information required "[to] research the CAF" and "[t]o verify that the caller is an authorized third party of the taxpayer."

32. Accordingly, IRS officials are instructed to obtain the following information to verify the identity of the taxpayer representative:

- Taxpayer's Name
- Taxpayer's TIN
- Third Party's Name
- Third Party's Number (also known as: Rep#, CAF#) see (11) below for exception
- Tax Period(s) in Question
- Tax Form(s) in Question

IRM § 21.1.3.3(2).

33. Before the update, IRS procedures and policies instructed agents to ask the third-party representative (i) for the taxpayer's name and taxpayer identification number (TIN), for the tax period and forms in question; (ii) for the third-party representative's name and CAF number; and (iii) the the tax form(s) and period(s) in question

34. Paragraph (3) of IRM § 21.1.3.3 indicates that IRS agents will request "some personal information, in addition to the CAF number, from tax professionals" in order to "combat identity theft[.]"

35. "The purpose is to confirm the identification of the person calling prior to releasing sensitive information," Paragraph (3) of IRM § 21.1.3.3 further provides. "The intent is to enhance protections for tax professionals and their clients."

36. Now, as a way of implementing these new updates to the IRS Manual, agents additionally require third party representatives to state *their* own social security number and date of birth to verify their identity.

37. The IRS routinely records phone calls between IRS agents, taxpayers, and third party representatives, and those recordings are accessible through FOIA. IRM § 11.3.13.9.37.

38. The version of the IRS Manual, which is available online, redacts nearly the remainder of paragraph (3), the entirety of paragraphs (4) and (6), virtually all of paragraph (5), and portions of paragraph (8). *See* IRM § 21.1.3.3 (3)-(6), (8).

39. These paragraphs apparently concern, *inter alia*, the manner in which IRS agents shall request, use, protect and store the personal information of a taxpayer's third-party representative.

*Plaintiffs' FOIA Request*

40. To more fully understand how the IRS is implementing the new changes to the IRM concerning authentication of third-party representatives, Attorney Xanthopoulos and Professor Fogg filed a FOIA request with the IRS on June 19, 2019. Ex. A.

41. Their joint request sought the following information:

An unredacted version of IRM § 21.1.3.3;

All final, written or recorded materials provided to IRS employees to ensure they do not request a third-party caller's return information while the taxpayer is listening;

All final, written or recorded materials provided to IRS employees to ensure they do not add any notes about a third-party caller's return information to a taxpayer's file;

All final, written or recorded materials provided to IRS employees to ensure that, in responding to a taxpayer's disclosure request, they: (a) listen to all responsive audio

6

recordings in their entirety and redact every portion that includes the third-party caller's return information; and (b) redact from all responsive documents all references to the third-party caller's return information;

All other final, written or recorded materials provided to IRS employees to ensure that a third-party caller's return information remains separate from the file of the taxpayer they are calling about; and

All final, written or recorded materials provided to IRS employees to ensure they use only a third-party caller's return information to make centralized authorization file ("CAF") inquiries through Integrated Data Retrieval System command codes CFINK, RPINK, KAFFQ and KAFTQ. Ex. A.

42.  On August 29, 2019, the Privacy, Governmental Liaison and Disclosure Office ("PGLD") of the IRS partially denied the request. *See* Ex. C.

43.  In the partial denial, the PGLD informed Plaintiffs that IRM § 21.1.3.3 "is available to the public at irs.gov." However, the PGLD explained that certain text from IRM § 21.1.3.3 has been redacted and categorized as "Official Use Only which indicates information has been deleted and is withheld under FOIA exemption (b)(7)(E)." *See* Ex. C.

44.  According to the PGLD's Partial Denial Letter, FOIA exemption (b)(7)(E) justifies the redactions in IRM § 21.1.3.3 because the pertinent text "[is] compiled for law enforcement purposes" and the production of which "would reveal" either (1) "[t]echniques and procedures for law enforcement investigations or prosecutions" or (2) "[g]uidelines for law enforcement investigations or prosecutions, *if release could reasonably be expected to risk circumvention of the law.*" *See* Ex. C (emphasis added).

45. The PGLD applied the same rationale to the second, third, fifth and sixth items in Plaintiffs' Request. *See* Ex. C.

46. For item four, the PGLD's Partial Denial letter specifies that IRM § 11.3.13 "is available to the public at: irs.gov." *See* Ex. C.

47. The IRM – including IRM § 21.1.3.3 – sets forth general guidelines, policies, and procedures that IRS employees must follow in executing their job functions. *See* Ex. C.

48. On October 25, 2019, in a letter directed to Attorney Xanthopoulos (IRS Appeal Denial Letter), the IRS denied Plaintiffs' Joint Administrative Appeal. *See* Ex. E.

49. IRS Appeals Team Manager, P. Perez (Perez), explained that the IRS Appeals Team had reviewed the original FOIA Request, the PGLD Partial Denial, and Plaintiffs' Joint Administrative Appeal. *See* Ex. E.

50. After such review, the IRS Appeals Team "determined that the [original] response was appropriate" and affirmed the PGLD's Partial Denial. *See* Ex. E.

51. The reasoning of the IRS Appeals Team mirrors the explanation offered in the PGLD Partial Denial Letter.

52. The IRS Appeals Team relied on FOIA Exemption (b)(7)(E) to justify the withholding of the information sought by Plaintiffs' Request for two reasons: (1) "[t]here is little doubt" the IRS enforces the internal revenue laws; and (2) "[t]he enforcement of the internal revenue laws through the collection of taxes involves a law enforcement proceeding." *Id*.

53. The remaining language of the IRS Appeal Denial Letter repeats the statutory language contained in FOIA Exemption (b)(7)(E), 5 U.S.C. § 552(b)(7)(E).

**COUNT I**

**VIOLATION OF FREEDOM OF INFORMATION ACT (FOIA), 5 U.S.C. § 552(a)(4)(B)**
**Improper Withholding under Exemption FOIA (b)(7)(E)**

54. Plaintiffs incorporate all preceding paragraphs as if set forth at length here.

55. The IRS is an agency within the meaning of the FOIA.

56. The IRS possesses or has in its custody the redacted portions of IRM § 21.1.3.3 and the other related information sought by Plaintiffs' FOIA Request.

57. The IRS improperly withheld from Plaintiffs the redacted portions of the IRM § 21.1.3.3 and the other related information sought by Plaintiffs' FOIA Request.

58. The IRS was required to release all records in its possession responsive to Plaintiffs' Request at the time of that request, unless the IRS provided a valid, lawful reason for withholding materials under which it claims an exemption.

59. Neither FOIA Exemption (b)(7)(E) nor any other exemption allows the IRS to withhold or redact the documents and information sought by Plaintiffs' request.

60. The IRS has not communicated to Plaintiffs in its correspondence any valid exemptions that justify withholding the redacted portions of IRM § 21.1.3.3.

61. The IRS's failure to produce responsive documents violates FOIA.

62. Plaintiffs have either actually or constructively exhausted their administrative remedies with the IRS.

63. Accordingly, Plaintiffs are entitled to seek judicial review of the IRS denial under 5 U.S.C. § 552(a)(4)(B).

64. Plaintiffs are entitled to an order compelling the IRS to produce the records sought by the request, including disclosure of the redacted portions of IRM § 21.1.3.3.

**REQUEST FOR RELIEF**

Plaintiffs respectfully request the following relief from this Court against the IRS:

(1) A declaration and injunction against the IRS's continued withholding of the redacted portions of IRM § 21.1.3.3 and other records requested by Plaintiffs' FOIA;

(2) An order requiring IRS to promptly produce to Plaintiffs a copy of the redacted portions of IRM § 21.1.3.3, as well as other records sought by Plaintiffs' FOIA Request;

(3) An order requiring prompt production of the redacted portions of IRM § 21.1.3.3, as well as other records sought by Plaintiffs' FOIA Request, with the waiver of any fees associated with Plaintiffs' FOIA request;

(4) All Plaintiffs' attorneys' fees and costs in connection with this proceeding as provided by the FOIA fee award provision, 5 U.S.C. § 552(a)(4)(E); and

(5) Any and all other and further relief that this Court may deem appropriate.

Date: 11-29-2019

Respectfully submitted,

Nicholas Xanthopoulos, Esq.
MND Bar Number 392547
1726 Grand Ave, Apt 3
Saint Paul, MN 55105-1813
Phone: (702) 937-7411
xanthopoulos.foia@gmail.com
*Attorney for Plaintiffs*