UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Nicholas Xanthopoulos and T. Keith Fogg,<br><br>Plaintiffs,<br><br>v.<br><br>Internal Revenue Service,<br><br>Defendant. | Case No. 19-cv-03006 (SRN/ECW)<br><br><br>**ORDER** |

Tuan N. Samahon and Shawn M. Rogers, Goldstein Law Partners, LLC, 11 Church Road, Hatfield, PA 19440; Thomas E. Brever, Foster & Brever, PLLC, 2812 Anthony Lane S., Ste. 200, St. Anthony, MN 55418, for Plaintiffs

Joseph E. Hunsader, U.S. Department of Justice, P.O. Box 227 – Ben Franklin Station, Washington, DC 20044, for Defendant

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on remand from the opinion of the Eighth Circuit Court of Appeals, *Xanthopoulos v. Internal Revenue Serv.*, 35 F.4th 1135 (8th Cir. 2022), and in response to a jointly submitted letter brief from the parties. (Jt. Letter [Doc. No. 69].)

Plaintiff T. Keith Fogg, a tax law professor, submitted a request to the Internal Revenue Service ("IRS") under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, seeking the disclosure of certain redacted portions of the Internal Revenue Manual

1

("IRM"), § 21.1.3.3.[1] The IRS denied Fogg's request to disclose the redacted information, and subsequently denied an administrative appeal.

Fogg then commenced this lawsuit. When the parties filed cross motions for summary judgment, the IRS submitted a declaration from IRS attorney Kilsy Barnes, who stated that Exemption 7(E) authorized the IRS to continue withholding the requested information. In May 2011, this Court granted summary judgment to the IRS, finding the requested information was properly withheld pursuant to 5 U.S.C. § 552(b)(7)(E) ("Exemption 7(E)"). In reaching its decision, the Court denied Fogg's request for in camera review of the withheld material.

Fogg appealed the decision. The Eighth Circuit held that the Barnes Affidavit submitted by the IRS in support of nondisclosure, on which this Court had relied, was insufficient to show that the agency had met its burden of establishing the reason for nondisclosure, absent in camera review. *Xanthopoulos*, 35 F.4th at 1139. Although the Eighth Circuit found no evidence of bad faith, it found the affidavit contained a legal error in the form of an erroneous characterization of the IRS as only a law enforcement agency. *Id*. The Eighth Circuit concluded that in camera review of the withheld IRM material was necessary and reversed and remanded for in camera inspection. *Id*. at 1137. The Eighth Circuit then issued its mandate, returning jurisdiction to this Court [Doc. No. 68].

---

[1] Fogg jointly submitted the request with co-plaintiff Nicholas Xanthopoulos, a tax attorney. However, Xanthopoulos was not a party on appeal and the parties have agreed to file a stipulation to change the caption in this case, removing Xanthopoulos as a plaintiff. (*See* July 12, 2022 Minutes [Doc. No. 67].)

The Court held a video status conference with the parties on July 12, 2022. Among the issues addressed was whether the IRS could submit a supplemental affidavit ex parte and in camera along with the unredacted IRM materials for in camera review. (July 12, 2022 Minutes [Doc. No. 67] at 1.) The Court directed the parties to attempt to resolve the issue or, failing resolution, submit the matter in a letter brief for the Court's resolution. (*Id.*)

Unable to reach resolution, on August 2, 2022, the parties submitted their positions in a jointly-filed letter brief. The IRS argues that where a court has found an agency's previous affidavit insufficient to justify the reasonableness of the agency's search and withholding of information, courts have allowed the agency to provide a supplemental affidavit to remedy the prior deficiencies. (Jt. Letter at 4.) The IRS seeks to provide the supplemental affidavit ex parte and in camera because "a further public affidavit would compromise the information it needs to protect from disclosure by Exemption 7(E)." (*Id.*) However, the IRS offers to file a redacted public version of the supplemental in camera and ex parte declaration. (*Id*. at 5.)

Fogg opposes the IRS's request to provide an ex parte and in camera affidavit. (*Id*. at 1.) He argues that the submission of a supplemental affidavit by Barnes is tantamount to "a second bite at the characterization apple for a declarant who the Eighth Circuit had viewed with some skepticism." (*Id*. at 2.) Moreover, Fogg contends that the submission of an ex parte and in camera affidavit would violate his due process rights. He asserts that ex parte and in camera affidavits in FOIA cases are permitted only when "absolutely necessary" and no such "absolute necessity" exists here, where the Court will conduct an

3

in camera review of the records, which "may very well speak for themselves" without the need for any additional information. (*Id*.)

Fogg also states that after the Court completes its in camera review, he wishes to re-brief summary judgment "in light of questions asked at oral argument by the Eighth Circuit about the Court's original analysis but left unaddressed in the panel's opinion." (*Id*. at 3.)

At this time, the Court will permit the IRS to submit a supplemental affidavit from an IRS affiant of its choosing, other than Barnes, but it must be publicly filed in unredacted form. Indeed, courts have allowed agencies to submit supplemental affidavits when a previous affidavit was deemed insufficient, as is the case here. *See, e.g.*, *Beltranena v. Clinton*, 770 F. Supp. 2d 175, 187 (D.D.C. 2011); *Robbins Geller Rudman & Dowd v. SEC*, No. 3:14-cv-2197, 2015 WL13677784, at *6, 8–9 (M.D. Tenn. Oct. 28, 2015). But receiving affidavits in camera and ex parte is permitted only when "absolutely necessary" in situations where (1) the validity of the government's asserted FOIA exemptions cannot be evaluated without more information than is contained in public affidavits and the records themselves, and (2) "public disclosure would compromise the secrecy asserted." *Arieff v. U.S. Dep't of Navy*, 712 F.2d 1462, 1471 (D.C. Cir. 1983) (citations omitted). Having not reviewed the records themselves, the Court cannot determine at this time whether an in camera and ex parte affidavit is "absolutely necessary" here.

The Court reserves the right to make that determination after it conducts its in camera review. Accordingly, the Court **grants Defendant's request in part**, to the extent the IRS may publicly file a supplemental, unredacted affidavit, and **denies it in part**, to the extent it seeks to submit the supplemental affidavit in camera and ex parte at this time.

4

5

The Court **denies Plaintiff's request** to re-brief the parties' summary judgment motions. The Eighth Circuit directed the Court to conduct an in camera inspection of the withheld material. *Xanthopoulos*, 35 F.4th at 1137 ("We reverse and remand for an in camera inspection."). It did not direct the Court to entertain entirely new briefing based on "questions asked at oral argument by the Eighth Circuit about the Court's original analysis but left unaddressed in the panel's opinion." (Jt. Letter at 3.)

**SO ORDERED**.

Dated: August 8, 2022

s/Susan Richard Nelson
SUSAN RICHARD NELSON
United States District Judge