# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| T. Keith Fogg, | Case No. 19-cv-03006 (SRN/ECW) |
| Plaintiff, | |
| v. | |
| Internal Revenue Service, | **ORDER ON REMAND** |
| Defendant. | |

Shawn M. Rodgers, Goldstein Law Partners, LLC, 11 Church Road, Hatfield, PA 19440; Thomas E. Brever, Foster & Brever, PLLC, 2812 Anthony Lane S, Suite 200, St. Anthony, MN 55418; and Tuan N. Samahon, 105 Cornell Avenue, Swarthmore, PA 19081, for Plaintiff.

Joseph E. Hunsader, U.S. Department of Justice, Tax Division, P.O. Box 227 – Ben Franklin Station, Washington, D.C. 20044, for Defendant.

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on remand from the Eighth Circuit Court of Appeals, *Xanthopoulos v. Internal Revenue Serv.*, 35 F.4th 1135 (8th Cir. 2022). After an in camera inspection, as instructed by the Eighth Circuit, the Court grants Defendant's Motion for Summary Judgment [Doc. No. 28] and denies Plaintiff's Motion for Summary Judgment [Doc. No. 34].

## I.  BACKGROUND

The factual and procedural background of this case has been addressed in several prior orders issued by this Court and by the Eighth Circuit.[1] Relevant to the present matter, Plaintiff T. Keith Fogg submitted a request under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, to the Internal Revenue Service ("IRS") seeking disclosure of certain portions of Section 21.1.3.3 of the Internal Revenue Manual ("IRM"). IRM § 21.1.3.3 relates to the authentication of individuals submitting, or who have already submitted, a Power of Attorney ("POA") or Tax Information Authorization ("TIA") form, both of which authorize a third party to access another taxpayer's sensitive information. IRM § 21.1.3.3. After the IRS denied Mr. Fogg's disclosure request, and subsequently denied an administrative appeal, Mr. Fogg commenced this lawsuit. [Doc. No. 1.]

The parties filed cross-motions for summary judgment. [Docs. No. 28, 34.] Over the course of the litigation, the IRS had revised the IRM multiple times and voluntarily released portions of Section 21.1.3.3 which it had previously withheld. Consequently, after the IRS' various revisions and disclosures, five redactions remain in IRM § 21.1.3.3: (1) a "note" under § 21.1.3.3(3); (2) an "exception" under § 21.1.3.3(3); (3) all of § 21.1.3.3(4); (4) all of § 21.1.3.3(5); and (5) approximately two lines of text under § 21.1.3.3(8). These were the redactions that the Court analyzed on the parties' motions.

---

[1] *See Xanthopoulos v. Internal Revenue Serv.*, 538 F. Supp. 3d 871 (D. Minn. 2021); *Xanthopoulos v. Internal Revenue Serv.*, 35 F.4th 1135 (8th Cir. 2022); *Xanthopoulos v. Internal Revenue Serv.*, No. 19-cv-03006 (SRN/ECW), 2022 WL 3152906 (D. Minn. Aug. 8, 2022).

In May 2021, this Court granted summary judgment to the IRS, relying on the declaration of IRS attorney Kilsey Barnes, finding that the requested information was properly withheld pursuant to 5 U.S.C. § 552(b)(7)(E) ("Exemption 7(E)"). [Doc. No. 56.] In reaching its decision, the Court denied Mr. Fogg's request for an in camera review of the withheld material. (*Id.*)

Mr. Fogg appealed the Court's decision. The Eighth Circuit held that the Barnes affidavit was insufficient to show that the agency had met its burden of establishing the reason for nondisclosure, absent in camera review. *Xanthopoulos v. Internal Revenue Serv.*, 35 F.4th 1135, 1139 (8th Cir. 2022). Finding no evidence of bad faith, the Eighth Circuit nonetheless found the affidavit contained a legal error in the form of an incorrect characterization of the IRS. *Id.* The court concluded that in camera review of the withheld IRM material was necessary and reversed and remanded for that purpose. *Id.* at 1137.

After a status conference and letter briefing by the parties, this Court denied Mr. Fogg's request to re-brief summary judgment. *Xanthopoulos v. Internal Revenue Serv.*, No. 19-cv-03006 (SRN/ECW), 2022 WL 3152906, at *2 (D. Minn. Aug. 8, 2022). The Court also denied the IRS' request to submit a supplemental affidavit of an IRS affiant for ex parte review in camera with the withheld portions of IRM § 21.1.3.3. *Id.* (citing *Arieff v. U.S. Dep't of the Navy*, 712 F.2d 1462, 1472 (D.C. Cir. 1983)). Instead, the Court permitted the IRS to publicly file a supplemental, unredacted affidavit from an IRS affiant of its choosing, other than Kilsey Barnes. Thereafter, the IRS filed the affidavit of King Donaghy and Mr. Fogg filed a letter response in opposition. (Donaghy Decl. [Doc. No. 72]; Pl.'s

Letter Response [Doc. No. 75].) Having now reviewed the materials in camera, the Court finds that the IRS properly withheld the redacted portions of IRM § 21.1.3.3.

## II. STANDARD OF REVIEW

The FOIA requires that "each agency, upon any request for records which (i) reasonably describes such records and (ii) is made in accordance with published rules . . . shall make the records promptly available to any person," 5 U.S.C. § 552(a)(3)(A), unless the records fall within one of nine narrowly construed exemptions, *see* 5 U.S.C. § 552(b); *Milner v. Dep't of the Navy*, 562 U.S. 562, 565 (2011). If records are improperly withheld, federal courts may compel their disclosure. 5 U.S.C. § 552(a)(4)(B). The FOIA places the burden "on the agency to sustain its action." *Id.*

Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In a FOIA case, summary judgment for a defendant agency is warranted where "the agency proves that it has fully discharged its obligations under FOIA, after the underlying facts and the inferences to be drawn from them are construed in the light most favorable to the FOIA requester." *Mo. Coal. for Env't Found. v. U.S. Army Corps of Eng'rs*, 542 F.3d 1204, 1209 (8th Cir. 2008). Thus, the Court's primary role is to:

> [R]eview the adequacy of the affidavits and other evidence presented by the Government in support of its position, utilizing an in camera examination of the [material withheld] itself as an aid in determining whether the Government's affidavits are accurate and made in good faith. If the Government fairly describes the content of the material withheld and adequately states its grounds for nondisclosure, and if those grounds are reasonable and consistent with the applicable law, the district court should uphold the Government's position. The court is entitled to accept the

4

credibility of the affidavits, so long as it has no reason to question the good faith of the agency.

*Cox v. U.S. Dep't of Just.*, 576 F.2d 1302, 1312 (8th Cir. 1978). In camera review is generally discretionary and "designed to be invoked when the issue before the District Court could not otherwise be resolved[.]" *Peltier v. F.B.I.*, 563 F.3d 754, 759 (8th Cir. 2009) (quoting *NLRB v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 224 (1978)).

## III. DISCUSSION

Mr. Fogg asserts that the IRS has improperly withheld five sections of IRM § 21.1.3.3. (*See generally* Pl.'s Mem. [Doc. No. 35].) In response, the IRS maintains that the withheld material is exempted from FOIA disclosure under Exemption 7(E). (*See generally* Def.'s Mem. [Doc. No. 29].)

Exemption 7(E) requires the IRS to show that the withheld material was "compiled for law enforcement purposes." 5 U.S.C. § 552(b)(7)(E); *see John Doe Agency v. John Doe Corp.*, 493 U.S. 146, 153 (1989) ("Before it may invoke [Exemption 7], the Government has the burden of proving the existence of . . . a compilation for such a purpose."). Then, the IRS must show that: (1) releasing the records "would disclose techniques and procedures for law enforcement investigations or prosecutions;" and that (2) "such disclosure could reasonably be expected to risk circumvention of the law." 5 U.S.C. § 552(b)(7)(E).[2] Upon the Court's in camera inspection of the withheld material and of Mr.

---

[2] Exemption 7(E) also exempts records which would "disclose guidelines for law enforcement investigations or prosecutions," 5 U.S.C. § 552(b)(7)(E). However the IRS did not assert in its initial motion that the redactions in IRM § 21.1.3.3 constitute "guidelines" within the meaning of Exemption 7(E). *See Xanthopoulos*, 538 F. Supp. 3d at 880, n.6. The Court thus does not consider this issue on remand.

Donaghy's affidavit, the Court finds that the redactions in IRM § 21.1.3.3 meet each of these requirements.

### A. "Compiled for Law Enforcement Purposes"

When assessing whether withheld material was "compiled for law enforcement purposes," the level of scrutiny employed by the Court depends upon the agency at issue. Agencies whose primary function is law enforcement, such as the F.B.I., are entitled to a certain amount of deference. *See, e.g.*, *Campbell v. U.S. Dep't of Just.*, 164 F.3d 20, 32 (D.C. Cir. 1998). By contrast, the IRS is a "mixed function" agency, meaning that it performs both law enforcement as well as administrative functions. *Tax Analysts v. Internal Revenue Serv.*, 294 F.3d 71, 78 (D.C. Cir. 2002); *Xanthopoulos*, 35 F.4th at 1139. When such agencies invoke Exemption 7, courts "must scrutinize with some skepticism the particular purpose claimed for [the] disputed documents." *Pratt v. Webster*, 673 F.2d 408, 418 (D.C. Cir. 1982).

In this case, the Eighth Circuit found that the IRS had failed to meet its burden to demonstrate that the redactions in IRM § 21.1.3.3 were "compiled for law enforcement purposes." *Xanthopoulos*, 35 F.4th at 1139. While acknowledging that the "distinction between law enforcement matters and administrative matters is not easily drawn," the court rejected the Barnes affidavit as inadequate. *Id.* (quoting *Cox*, 576 F.2d at 1307). The Barnes affidavit had erroneously described the IRS as purely a "law enforcement agency," contrary to case law recognizing its mixed function and contrary to provisions demonstrating that the IRM itself has a mixed function. *Id.* ("The IRS cannot be characterized solely as a law enforcement agency, and neither was the entire IRM 'compiled for law enforcement

purposes.'"). Therefore, on remand, this Court gives special attention to evaluating whether the redactions in IRM § 21.1.3.3 were compiled for "law enforcement purposes."

"Law enforcement is the process by which a society secures compliance with its duly adopted rules," both civil and criminal. *Cox,* 576 F.2d at 1307; *Tax Analysts*, 294 F.3d at 77. As explained by the D.C. Circuit, "[l]aw enforcement entails more than just investigating and prosecuting individuals after a violation of the law . . . The 'ordinary understanding' of the term 'includes . . . proactive steps designed to prevent criminal activity and maintain security.'" *Pub. Emps. for Env't Resp. (PEER) v. U.S. Section, Int'l Boundary & Water Comm'n*, 740 F.3d 195, 203 (D.C. Cir. 2014) (quoting *Milner*, 562 U.S. at 582 (Alito J., concurring)).

Here, the IRS contends that the redactions were compiled for law enforcement purposes because they set forth authentication procedures "to combat theft, fraud, and other wrongdoing in the context of telephone calls from third parties who claim to have authorization from a taxpayer for the IRS to disclose that taxpayer's confidential return information to the caller." (Donaghy Decl. ¶ 14.)

The Court notes, as it did in its earlier summary judgment order, that the text of IRM § 21.1.3.3 specifically states that it serves, in part, "to combat identity theft" and "to enhance protections for tax professionals and their clients." *See* IRM § 21.1.3.3(3). In addition, the Donaghy declaration includes a 2018 report from the Treasury Inspector General for Tax Administration entitled "Improved Procedures are Needed to Prevent the Fraudulent Use of Third-Party Authorization Forms to Obtain Taxpayer Information." (Donaghy Decl., Ex. 2 (TIGTA Report).) As its name suggests, this report found that the

IRS had deficient procedures for authenticating the identity of third parties who submit the authorization forms addressed by IRM § 21.1.3.3. (*Id.* at 5.) Disturbingly, investigators estimated that the IRS may have processed over 1.1 million unauthorized, i.e. fraudulent, third-party forms. (*Id.* at 6.) The report's recommendation for more stringent authentication procedures gives credence to the IRS' assertion that the redacted portions of Section 21.1.3.3 were compiled to prevent wrongdoing. (*See generally* TIGTA Report.)

Based upon its in camera review, the Court is satisfied that the specific sections of IRM § 21.1.3.3 withheld by the IRS were compiled to enforce the law. While many of the provisions in IRM § 21.1.3.3 address standard administrative procedures for authenticating third parties and properly documenting that authentication, *see, e.g.*, IRM § 21.1.3.3(8) ("Authorizations received via fax must contain all the required essential elements."), the redactions specifically address exceptions to these standard procedures. These exceptional situations involve a heightened risk of fraud or identity theft. The redactions thus instruct IRS employees how to proceed in these situations, when to require additional authentication measures, and when the third party has provided sufficient information to overcome the extra scrutiny. Failing the additional scrutiny, the third party is not entitled to access a taxpayer's information, stopping potentially fraudulent activity at the source.

Because it addresses how IRS employees identify situations that present a greater likelihood of fraudulent manipulation of sensitive taxpayer information, the withheld material in IRM § 21.1.3.3 was compiled for the purpose of "prevent[ing] criminal activity." *PEER*, 740 F.3d at 203. The Court accordingly finds that the withheld material was compiled for law enforcement purposes.

## B. "Techniques and Procedures for Law Enforcement Investigations or Prosecutions"

Having met its threshold burden to show that the IRM redactions were compiled for law enforcement purposes, the IRS must next demonstrate that the withheld material would disclose "techniques and procedures for law enforcement investigations or prosecutions." 5 U.S.C. § 552(b)(7)(E).

The FOIA does not define "techniques and procedures," nor has the Eighth Circuit elaborated on the correct interpretation of the phrase. However, the Court finds the Second Circuit's articulation straightforward: "Stated simply, 'techniques or procedures' includes both law enforcement methods—the actions that law enforcement personnel take to identify and neutralize bad actors—as well as the triggers for the application of methods." *Knight First Amend. Inst. at Columbia Univ. v. U.S. Customs & Immigr. Servs.*, 30 F.4th 318, 330 (2d Cir. 2022) (citing *Allard K. Lowenstein Int'l Hum. Rts. Project v. U.S. Dep't of Homeland Sec.*, 626 F.3d 678, 682 (2d Cir. 2010)). The "key issue" is "whether disclosure of th[e] [redacted] material would reveal particulars about the way in which an agency enforces the law and the circumstances that will prompt it to act." *Id.* at 331.

Furthermore, the types of techniques and procedures shielded by Exemption 7(E) include those that: (1) are "generally unknown to the public," *Blanton v. U.S. Dep't of Just.*, 63 F. Supp. 2d 35, 49 (D.D.C. 1999); (2) may be generally known, but whose public disclosure could diminish their effectiveness, *see, e.g.*, *Piper v. U.S. Dep't of Just.*, 294 F. Supp. 2d 16, 31 (D.D.C. 2003); and may be generally known, but the circumstances of

9

their usefulness are not, *see, e.g.*, *Broward Bulldog, Inc. v. U.S. Dep't of Just.*, 99 F.3d 1164, 1191 (11th Cir. 2019).

In this case, the IRS asserts that the redacted materials describe the techniques and procedures that IRS employees conduct "to confirm the authenticity and legitimacy of the purported third-party POA or TIA holder in particular non-standard scenarios." (Donaghy Decl. ¶ 16.) Mr. Fogg urges the Court to disregard the "legally conclusory language" in the Donaghy declaration that certain actions or tasks are "investigative" for the purposes of Exemption 7(E). (Pl.'s Letter Response at 2.)

The Court finds that releasing the redacted portions of IRM § 21.1.3.3 would "disclose techniques and procedures for law enforcement investigations." 5 U.S.C. § 552(b)(7)(E). As noted above, the redactions address different situations in which the behavior or the information provided by the third party seeking authorization raises a suspicion of fraud. Disclosing the withheld material would reveal techniques that IRS agents use to confirm or disprove their suspicions, including the information that the IRS seeks from individuals in these particular situations.

Courts have found similar investigatory processes covered by Exemption 7(E). For example, in *100 Reporters v. United States Department of State*, the D.C. Circuit found that the Department of State ("DOS") had properly invoked Exemption 7(E) to withhold records relating to the vetting of foreign security personnel pursuant to the "Leahy Laws." --- F. Supp. 3d ---, 2022 WL 1223709, at *1–3 (D.C. Cir. 2022). The Leahy Laws prohibit the federal government from providing financial assistance or training to foreign security forces that have committed gross violations of human rights. *Id.* Their implementation

10

requires DOS to conduct "consular, political, and other security and human rights checks" of potential funding recipients. *Id.*

The court compared the Leahy vetting procedures to the "analogous context of [CIA] background checks," where "'[i]t is self-evident that information revealing security clearance procedures could render those procedures vulnerable and weaken their effectiveness at uncovering background information on potential candidates.'" *Id.* at *25 (quoting *Morley v. C.I.A.*, 508 F.3d 1108, 1129 (D.C. Cir. 2007)). It thus held that releasing documents describing the Leahy vetting procedures, as well as documents compiled during the vetting process, would "disclose techniques and procedures for law enforcement investigations." *Id.*

In another recent case, the Second Circuit considered the DOS' decision to withhold portions of the Foreign Affairs Manual ("FAM") addressing "directives and guidance" for adjudicating U.S. visas. *Knight v. USCIS*, 30 F.4th at 323. The DOS asserted that the redacted materials relate to the detection of applicants' connections to terrorism. *Id.* at 324. Without deciding whether they constituted "techniques and procedures" or "guidelines," the court nevertheless found that the FAM materials were properly withheld under Exemption 7(E) because they "delineate how DOS officials should identify aliens who may have connections to terrorism, including some specific triggers for additional scrutiny." *Id.* at 330.

Likewise, the redactions in IRM § 21.1.3.3 discuss how IRS officials should identify third parties who may have fraudulent intentions, including "some specific triggers for additional scrutiny." *Id.* Importantly, in *Knight* and *100Reporters*, the ultimate result of

11

failing the additional scrutiny was the withholding of a benefit—denial of a visa and denial of financial assistance—rather than a criminal prosecution. *Id.* at 324; *100Reporters* at *1–2. So too here: third parties failing IRS scrutiny are denied authorization to access the taxpayer information they seek.

Therefore, after conducting an in camera review of IRM § 21.1.3.3, the Court finds that releasing the withheld portions would disclose "techniques and procedures" covered by Exemption 7(E).

### C. Whether "Disclosure Could Reasonably Be Expected to Risk Circumvention of the Law"

The final clause of Exemption 7(E) requires an agency to demonstrate that "disclosure [of the withheld material] could reasonably be expected to risk circumvention of the law." 5 U.S.C. § 552(b)(7)(E). As this Court noted in its first Order on summary judgment, there is a Circuit split as to whether this portion of the text applies to 7(E) in its entirety or only to "guidelines for law enforcement investigations." *See Xanthopoulos*, 538 F. Supp. 3d at 885 (collecting cases). The Eighth Circuit has not taken a position on the proper textual application of the "circumvention" clause since the Court's original Order.

Regardless, the "circumvention" clause imposes a minimal burden on the agency. *See Mayer Brown LLP v. Internal Revenue Serv.*, 562 F.3d 1190, 1193 (D.C. Cir. 2009) ("Risk of circumvention is not required—only an expectation of such a risk. Moreover, this expectation of a risk of circumvention need not be undeniable or universal; the risk need only be '*reasonably*' expected." (emphasis in original)). All an agency must do is

"demonstrate[] logically how the release of the [withheld] information might create a risk of circumvention of the law." *Id.* at 1194.

After reviewing of the redacted portions of IRM § 21.1.3.3, the Court finds that the IRS has cleared this "relatively low bar." *Blackwell v. F.B.I.*, 646 F.3d 37, 42 (D.C. Cir. 2011). As explained earlier, the withheld material addresses exceptional situations with an elevated likelihood of fraud and the procedures that IRS agents must employ to confirm or rebut their suspicions. Revealing the particulars of these exceptional situations would give potential fraudsters important details about the red flags their actions raise. Moreover, "[d]isclosing in advance the specific questions that [IRS] agents may use to suss out and evaluate" potentially fraudulent third-party applicants would help those with nefarious intentions "to tailor their answers to avoid detection." *Knight*, 30 F.4th at 332; *see also Mayer Brown LLP*, 562 F.3d at 1192 ("If the FOIA request here sought a checklist used by [IRS] agents to detect fraudulent tax schemes . . . the applicability of . . . [E]xemption [7(E)] would be obvious."). For these reasons, the Court finds that disclosing the redactions in IRM § 21.1.3.3 "could reasonably be expected to risk circumvention of the law." 5 U.S.C. § 552(b)(7)(E).

Thus, the Court's in camera review has confirmed that the IRS appropriately withheld the material in IRM § 21.1.3.3 pursuant to FOIA Exemption 7(E). Further, the Court finds that that none of the redacted material is "reasonably segregable" from the non-exempt portions of the provision. 5 U.S.C. § 552(b). Accordingly, the Court grants summary judgment to the IRS and denies summary judgment to Mr. Fogg.

## IV. CONCLUSION

Based on the foregoing, and the entire file and proceedings herein, **IT IS HEREBY**

**ORDERED** that:

1. Defendant's Motion for Summary Judgment [Doc. No. 28] is **GRANTED**; and

2. Plaintiff's Cross Motion for Summary Judgment [Doc. No. 34] is **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: February 16, 2023                    s/ Susan Richard Nelson
                                            SUSAN  RICHARD  NELSON
                                            United States District Judge